

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

February 5, 1971

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas 78701

Dear Doctor Edgar:

Opinion No. M-788

Re: Whether a home rule city and
an independent school district
may exchange certain lands
without advertising the pro-
posed exchange and receiving
bids thereon.

Your recent letter requesting the opinion of this
office concerning the referenced matter states, in part, as
follows:

"The Dalhart Independent School District
owns a 20-acre tract of land which it purchased
in 1965 for school building purposes. In 1953,
the City of Dalhart purchased a tract of land ...

"The school district desires to exchange
about nine acres of its 20-acre tract to the
city for nine acres of its tract, a part of which
has been used as (a) ball park. The lands, if
acquired by (the) school district in exchange,
will be used as a site for a new school building.

" . . .

"I am requested by the Board of Trustees of
the Dalhart Independent School District to obtain
an urgently needed opinion from the office of (the)
Attorney General on the following submitted questions
appertaining to such lands:

"(1) Legally, may the city authority and (the)
school board exchange such aforementioned lands
by appropriate ordinance action of the city
council and resolution of the school board

-3833-

authorizing such lands exchange and execution
of deed(s) therefor, without advertising of
the same for sale nor using bid procedure?

"In the event (1) is answered in the affirmative:

"(2) May there legally be an exchange of such
lands without the city first having an election
authorizing sale of same?"

You have also informed us that the tract of land owned
by the City has been and is now being used as a ball park, and
you have so certified to these facts. We accept these factual
statements as true. This places the factual situation within
the purview of Article 5421q, Vernon's Civil Statutes.

A memorandum brief submitted with your letter states
that the City of Dalhart is a home rule city which adopted its
Charter in 1960, and that Sections 70 and 153 of that Charter
provide for public sales or lease of property and in certain
circumstances for an election. In our opinion Section 70 of the
Charter, which requires notice and bids, is not applicable in
this situation; however, Section 153 of the Charter providing
for a 30 day waiting period and possible election must be com-
plied with.

Article 5421c-12, Vernon's Civil Statutes, which pro-
vides for publication of notice when a political subdivision of
the state offers land for sale is not applicable in the fact
situation under consideration.

In your case, we find a proposed exchange by two po-
litical subdivisions, each with power of eminent domain and con-
demnation: cities: Art. 1107, 1109b, 1110, 1206; schools:
Sec. 23.31, Texas Education Code. Similar situations and
questions were answered in our Opinions C-434 (1965) and C-469
(1965). The opinions refer to El Paso County v. The City of El
Paso, 357 S.W.2d 783 (Tex.Civ.App. 1962), and Kingsville Inde-
pendent School District v. Crenshaw, 164 S.W.2d 49 (Tex.Civ.App.
1942, error ref. w.m.). Both cases dealt with a park area in-
tended to become school property. Similar statutes to Article
5421c-12 and your Charter provision were under consideration.

The court in the El Paso case in effect held that although a statute requiring appointment of a commissioner to sell county land at public auction and a statute relating to abandonment of county parks are applicable wherever a political subdivision, subject to such statutes, desires to dispose of any of its land to an individual or private agency, neither statute is applicable where a political subdivision with power of eminent domain and condemnation chooses to deal with another political subdivision having such power and to reach an agreement as to change of public use.

The Kingsville case, supra, held in effect that a city park devoted to public use could be taken for another public use without bids and converted to public school use, where the city and school authorities determined that its use for school purposes was necessary and that it was not practical or possible to use any other property.

However, Article 5421q, supra, enacted in 1969, in its Section 1, reads as follows:

> "No department, agency, political subdivision, county, or municipality of this State shall approve any program or project that requires the use or taking of any public land designated and utilized prior to the arrangement of such program or project as a park, recreation area, scientific area, wildlife refuge, or historic site, unless such department, agency, political subdivision, county or municipality, acting through its duly authorized governing body or officer, shall determine, after notice and a public hearing as required herein, that (1) there is no feasible and prudent alternative to the use of taking of such land, and (2) such program or project includes all reasonable planning to minimize harm to such land, as a park, recreation area, scientific area, wildlife refuge, or historic site, resulting from such use or taking; clearly enunciated local preferences shall be considered, and the provisions of the Act do not constitute a mandatory prohibition against the use of such area if the findings are made that justify the approval of a program or project.

Section 2 of this Article prescribes publication procedures, and Section 3 provides that judicial review is barred 30 days after the action is announced.

Dalhart's nine acre tract being a ball park, clearly Article 5421q would apply.

You are therefore advised that the answer to your two questions is "yes", but the proposed exchange of property is subject to the notice and hearing provisions prescribed by Article 5421q, and the necessary findings thereunder.

## S U M M A R Y

Under the fact situation, an exchange between the City of Dalhart, a home rule city, and Dalhart Independent School District of real estate used by the City for public park purposes and realty owned by the Independent School District requires the publication of notice and public hearing under Article 5421q, V.C.S.

Article 5421c-12, V.C.S., which requires notice and bids, is not applicable; but Section 153 of the Charter of the City of Dalhart must be complied with.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Vince Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Arthur Sandlin
Pat Bailey
Ben Harrison
Austin Bray

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant